UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTRAVEIUS BAKER,

    Petitioner,

v.                                                           Case No. 3:14-cv-1466-J-32PDB

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS and
FLORIDA ATTORNEY GENERAL,

    Respondents.
_____

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) (Petition). He challenges his 2010 state court (Duval County) judgment of conviction for trafficking in cocaine. Petitioner was sentenced to a term of imprisonment of 50 years. Respondents filed an Answer (Doc. 16),[1] and Petitioner filed a Reply (Doc. 18) and an Amended Reply (Doc. 22). The case is ripe for review.[2]

---

[1] The Court cites to the exhibits attached to the Answer using the page numbers as assigned by the Court's electronic case filing system. Respondents did not include the complete record on appeal from Petitioner's state court case. The Court takes judicial notice of the documents not included from the state court docket.

[2] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S.

## II. Governing Legal Principles

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).
>
> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong

---

465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

> case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

"[A] federal court reviewing the judgment of a state court must first identify the last adjudication on the merits. It does not matter whether that adjudication provided a reasoned opinion because section 2254(d) 'refers only to a decision' and does not 'requir[e] a statement of reasons.'" Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (quoting Richter, 562 U.S. at 98), cert. granted, 137 S. Ct. 1203 (2017). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99 (citation omitted). When the last adjudication on the merits "'is unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the state court to deny relief.'" Wilson, 834 F.3d at 1235 (quoting Richter, 562 U.S. at 98). "'[A] habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded

3

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court.'" Id. (quoting Richter, 562 U.S. at 102).

> When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state supreme court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

Id. at 1239.[3]

### B. Exhaustion and Procedural Default

There are prerequisites to federal habeas review. Before filing a habeas petition in federal court, a petitioner must exhaust all available state court remedies. To exhaust state remedies, the petitioner must "fairly present[]" each issue raised in his federal petition to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989) (emphasis omitted). This means that a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Raleigh v. Sec'y, Fla. Dep't of Corr., 827 F.3d 938, 956 (11th Cir. 2016), cert. denied, Raleigh v. Jones, 137 S. Ct. 2160 (2017) ("The petitioner must have presented the claim in a manner that affords the State a full and fair opportunity to address and resolve the claim on the merits." (quotations and citation omitted)). It is not "sufficient merely that the federal habeas petitioner has been through the state courts, nor

---

[3] Wilson is currently before the Supreme Court. However, even under pre-Wilson AEDPA jurisprudence, the result here would be the same.

4

is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015). Rather, "[t]he crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim." Id.

Failure to exhaust results in a procedural default which raises a potential bar to federal habeas review. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show 'cause' to excuse his failure to comply with the state procedural rule and 'actual prejudice resulting from the alleged constitutional violation.'" Davila v. Davis, 137 S. Ct. 2058, 2064-65 (2017) (citing Wainwright v. Sykes, 433 U.S. 72, 84 (1977); Coleman v. Thompson, 501 U.S. 722, 750 (1991)). To show cause for a procedural default, "the petitioner must demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "[T]o show prejudice, a petitioner must demonstrate that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness.'" Id. (quoting McCoy v. Newsome, 953 F.2d 1252, 1261 (11th Cir. 1992) (per curiam)).

A petitioner may also obtain review of a federal habeas claim that is procedurally defaulted if he can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that

no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). "To be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324).

### C. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id. at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.[]
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

6

Richter, 562 U.S. at 104; Marshall, 828 F.3d at 1284 (recognizing that to proceed on a claim of ineffective assistance of trial counsel, "the petitioner has to show both that his counsel's performance was deficient and that that deficient performance was prejudicial—that is, that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 687, 694)). Since both prongs of the two-part Strickland "test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)).

"'The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" Marshall, 828 F.3d at 1285 (quoting Overstreet v. Warden, 811 F.3d 1283, 1287 (11th Cir. 2016)).

> "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 86.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); see Knowles, 556 U.S. at 123.

### III. Analysis

#### A. Ground One

Petitioner claims that the circuit court lacked subject matter jurisdiction because the information was invalid. Petition at 3-4. He argues: "The state[']s witness in chief testified that

7

the information was based on perjured material testimony from a non-material witness. The state, without correcting the info proceeded to trial, and on bad faith, convicted me on a non-existing crime." Id. at 3.

On March 11, 2013, Petitioner filed a state court motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800.[4] On September 27, 2016, the circuit court denied the motion:

---

[4] Petitioner filed a habeas petition in state court on August 24, 2013 (mailbox rule). Doc. 16-2 at 181. He entitled his second ground: "Innocence and a lack of subject-matter jurisdiction, in violation of the 14th Amendment to the United States Constitution." Id. at 183 (capitalization omitted). He argued:

> I prove that on May 10, 2010 proof of the fraud upon the court came to light through the direct testimony of Det. Pichardo, the only true material witness to the alleged crime, who's [sic] testimony proved that a crime never occurred. Thus, proving me innocent and thereby voiding the State[']s jurisdiction to try the case. The Detective testified that every piece of evidence relied upon to establish any criminal intent at the time of the "de facto" arrest were non-existing and that the remaining evidence, i.e. the video recording of the events prior to the arrest, had been altered, which clearly shows the bad-faith of the arresting officer(s).

Id. On March 31, 2014, the circuit court construed the petition as being filed pursuant to Florida Rule of Criminal Procedure 3.850, and dismissed it without prejudice because it was not properly filed. See id. at 215-16. Petitioner was granted leave to amend, but he failed to do so. Rather, Petitioner appealed the order dismissing his petition and granting him leave to amend. See Baker v. State of Florida, No. 1D14-1768 (Fla. 1st DCA 2014). The First District Court of Appeal directed Petitioner to file an initial brief, and when Petitioner failed to do so, the appeal was dismissed. See id. Thus, as it was raised in the August 24, 2013 petition, this claim was not properly presented to the state courts. Petitioner could not now return to state court and properly raise this claim, and it is procedurally barred on federal habeas review. Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. He also has failed to identify any fact that would warrant the application of the fundamental miscarriage of justice exception. Nevertheless, the Court finds Ground One properly exhausted as it was raised in the March 11, 2013 Rule 3.800 motion.

8

> Defendant asserts his sentence was illegal because the information was based upon perjured testimony and that the officers filed perjured reports. This is not a claim cognizable in a Rule 3.800(a) motion. Further, the motion does not allege that the records demonstrate the defendant's entitlement to relief. Should the court construe this as a Motion pursuant to Rule 3.850, and address the motion on the merits, the court finds . . . [that t]he record reflects the amended information cites to each relevant statute, alleges the essential elements of each crime, and sufficiently advised Defendant of the crimes with which he was charged. Moreover, there is no defect in the form of the Information. The oath, affirmed by Assistant State Attorney Cyrus P. Zomorodian, Esq., includes a statement that the information alleged in the Information was "based upon facts that have been sworn to as true. . ." Defendant speculates that this affirmation was factually incorrect because he thinks the officers lied. However, postconviction relief cannot be based on speculation or possibility.
>
> If the Defendant is actually saying the charging information is factually defective in that he is challenging the officer's version of the events, then the Defendant is attempting to *couch* this claim in terms of ineffective assistance of trial counsel. It appears to the Court that Defendant is attempting to challenge the sufficiency of the evidence presented against him at trial. He may not challenge the admissibility, validity, or sufficiency of the evidence against him in a motion seeking postconviction relief.

Petitioner appealed, and the First District Court of Appeal (DCA) entered a per curiam affirmance without a written opinion. See Baker v. State of Florida, 229 So. 3d 1222 (Fla. 1st DCA 2017). Therefore, there is a qualifying decision under AEDPA from the state appellate court that is entitled to deference.

For a defective information to be a cognizable claim in a federal habeas corpus action, the charging document must be so defective that it deprives the court of jurisdiction. DeBenedictis v. Wainwright, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas

corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."). Here, the state court reasonably determined that the Information was legally sufficient.[5] The Information identified Petitioner and set forth the charges and circumstances of the alleged offense. Additionally, the Information contained the required oath of the Assistant State Attorney, certifying that the allegations "are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged," that the "prosecution is instituted in good faith," and "that testimony under oath has been received from the material witness(es) for the offense." Doc. 16-1 at 24. Undoubtedly, the trial court had subject matter jurisdiction over Petitioner's case.

Additionally, a review of the trial transcript reflects that the evidence and testimony presented at trial supported Petitioner's conviction.[6] See Hallford v. Culliver, 459 F.3d 1193, 1205-06 (11th Cir. 2006) (per curiam) ("The relevant question in reviewing the sufficiency of

---

[5] To the extent Petitioner challenges state law, such a claim does not provide a basis for federal habeas relief. See Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

[6] At trial, Detective Pichardo testified that he personally participated in the reverse drug operation in which Petitioner was arrested. Detective Pichardo pretended to be a Mexican drug trafficker and he was given one kilo of cocaine to use in the operation. Doc. 16-1 at 200. A meeting between Detective Pichardo and Petitioner was arranged. Id. at 203 (Detective Pichardo testifying, "The drug transaction already was prearranged."). Petitioner entered Detective Pichardo's vehicle, engaged in small talk, and then Detective Pichardo asked Petitioner for the money. Id. Petitioner initially handed Detective Pichardo $3,000 in cash, and when Detective Pichardo asked for more, Petitioner provided another $1,000 in cash. Id. at 204. Detective Pichardo then provided Petitioner with one kilo of cocaine. Id. While the package of cocaine was in Petitioner's hands, he asked Detective Pichardo whether he should cut it, meaning whether he should "cut it to make sure that it was a good product and it was real cocaine." Id. at 205-07. Additionally, Detective Bennett testified that after Petitioner was arrested and read his Miranda rights, he told Detective Bennett that "he was there with the $4,000 to purchase as much cocaine as he could." Id. at 185.

the evidence supporting a criminal conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979)). Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to federal habeas relief on Ground One.

### B. Ground Two

Petitioner argues that the statute under which he was convicted is unconstitutional. <u>See</u> Petition at 4-5. He argues that the law permits "the state to solicit narcotics to people without reason or restraint which removes the probable cause element of due process and allows the police to administer it not only in an arbitrary but also oppressive and offensive manner." <u>Id.</u> at 4.

Petitioner raised this claim on direct appeal, arguing that the First DCA should follow <u>Shelton v. Secretary, Florida Department of Corrections</u>, 802 F. Supp. 2d 1289 (M.D. Fla. 2011). Doc. 16-2 at 86-88. The State responded on the merits. <u>Id.</u> at 110-25. The First DCA per curiam affirmed Petitioner's conviction and specifically rejected Petitioner's argument regarding the alleged unconstitutionality of the statute.[7] <u>Id.</u> at 134-35 (citing <u>Flagg v. State</u>,

---

[7] The First DCA reversed certain costs imposed by the trial court and remanded the case for a corrected sentencing order. Doc. 16-2 at 134-35.

74 So. 3d 138 (Fla. 1st DCA 2011)). After considering Petitioner's response and the state's reply, the Florida Supreme Court declined to accept jurisdiction. Id. at 150.

In 2014, Petitioner raised a similar claim in two state habeas petitions that the circuit court treated as a motion pursuant to Florida Rule of Criminal Procedure 3.850. On February 8, 2017, the circuit court denied the claim, stating: "The Defendant alleges that the Statute under which he was convicted is unconstitutional. The Statute in question has been found to be constitutional. Thus, this claim is without merit." Petitioner appealed, and the First DCA per curiam affirmed the denial of the postconviction motion without a written opinion. See Baker v. State of Florida, 228 So. 3d 552 (Fla. 1st DCA 2017).

The state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Even if this Court did not defer to the state court's decision rejecting this claim, the claim has no merit. The case on which Petitioner relied was reversed by the Eleventh Circuit. See Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012); see also Collins v. Sec'y, Fla. Dep't of Corr., 507 F. App'x 915, 916 (11th Cir. 2013) (recognizing that in Shelton, the Eleventh Circuit "expressed 'no view on the underlying constitutional question,' but held that Adkins was not an unreasonable application of federal law").[8] Petitioner is not entitled to relief on Ground Two.

---

[8] In Adkins, the Florida Supreme Court found:

> In enacting section 893.101, the Legislature eliminated from the definitions of the offenses in chapter 893 the element that the defendant has knowledge of the illicit nature of the

**C. Ground Three**

Petitioner entitles his third ground, "Manifest Injustice." Petition at 5. He argues that he has "made a complete showing of actual innocence and lack of jurisdiction." Id.

Petitioner's argument is not entirely clear. However, in Ground One, this Court rejected Petitioner's claim that the circuit court lacked jurisdiction and found that the record supported Petitioner's conviction. And a petitioner's "actual innocence" is not a recognized claim on federal habeas review. See Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007) (stating that the Eleventh Circuit "forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases") (citations omitted); Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1272 (11th Cir. 2010) (recognizing that "this Court's own precedent does not allow habeas relief on a freestanding innocence claim in non-capital cases" (citation omitted)). Regardless, the record does not reflect that Petitioner's conviction or sentence resulted in a manifest injustice. Accordingly, Petitioner is not entitled to relief on Ground Three.

---

> controlled substance and created the affirmative defense of lack of such knowledge. The statutory provisions do not violate any requirement of due process articulated by this Court or the Supreme Court. In the unusual circumstance where a person possesses a controlled substance inadvertently, establishing the affirmative defense available under section 893.101 will preclude the conviction of the defendant.

State v. Adkins, 96 So. 3d 412, 423 (Fla. 2012). Petitioner raised this as an affirmative defense at trial, and the trial court instructed the jury that although "[k]nowledge of the illicit nature of the controlled substance is not an element of the offense of trafficking in cocaine[,] . . . [l]ack of knowledge of the illicit nature of the controlled substance is an affirmative defense" that Petitioner raised. Doc. 16-1 at 268-69.

### D. Ground Four

Petitioner argues that his trial counsel was ineffective for allowing him to be convicted of a non-existing crime. Petition at 5-6. He explains:

> My trial attorney knew of the fraud on the court and allowed me to be convicted of a nonexisting crime, all the while leading me to believe that there was nothing that she could do, while in bad faith reclusing [sic] from the record exculpatory evidence. This clearly shows not only an adoption of the state's bad faith but most importantly the denial of a sworn duty to protect the U.S. Constitution from arbitrary and lawless state action. I am being denied meaningful access to the court, which is why I have been forced to proceed with the submission of this Writ of Habeas Corpus. When I appealed from my judgment and sentence I did raise this issue. A PCA was issued. I raised this issue on a petition for habeas corpus in a state trial court. The state refuses to address this ground which is hindering me from exhaustion.

Petition at 5-6. In the Reply, Petitioner argues that this counsel should have filed a motion to "suppress the false, unsupported statements," and a motion to dismiss because the State failed "to make a preliminary showing of all the jurisdictional elements of the crime in order to submit the case to a jury." Reply at 9. He further asserts that his counsel knew he was innocent, but "allowed the State to urge what it knew to be false to a jury." Id. at 10.

In his 2014 proceeding that was decided pursuant to Florida Rule of Criminal Procedure 3.850, Petitioner raised an ineffective assistance of counsel claim. After identifying Strickland as the controlling precedent, the circuit court denied the claim on February 8, 2017. Petitioner appealed, and the First DCA per curiam affirmed the denial of the postconviction motion without a written opinion. See Baker v. State of Florida, 228 So. 3d 552 (Fla. 1st DCA 2017).

Insofar as Petitioner is attempting to raise the same ineffective assistance of counsel claim here, this Court defers to the state appellate court's decision. Petitioner has failed to show his counsel's performance was deficient, nor has he shown resulting prejudice. Accordingly, upon review of the record, this Court finds that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[9] Petitioner is not entitled to federal habeas relief.

It is **ORDERED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice and thereafter close the file.

3. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability.[10] Because the Court has determined that a certificate of appealability is not

---

[9] To the extent Petitioner is raising some other ineffective assistance of counsel claim, he has not properly exhausted such claim, and he could not now return to state court and properly raise it. Therefore, any other ineffective assistance of counsel claim would be procedurally barred. Petitioner has not shown cause or prejudice, nor has he identified any fact that would warrant the application of the fundamental miscarriage of justice exception to excuse the bar.

[10] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'"

warranted, the Clerk of Court shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of January, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 1/12
c:
Antraveius Baker, #V19634
Counsel of Record

---

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. After consideration of the record as a whole, the Court denies a certificate of appealability.